UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HOLLEMAN, ET AL.** | : | **DOCKET NO. 19-cv-477** |
| **VERSUS** | : | **JUDGE DOUGHTY** |
| **GOLDEN NUGGET LAKE CHARLES, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand by plaintiffs Martha Holleman and Mike Holleman. Doc. 7. Defendant Bergman, Walls & Associates, Ltd.- Architects ("BWA") opposes the motion. Doc. 11. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**I.**
**BACKGROUND**

This suit arises out of injuries Martha Holleman allegedly sustained on July 5, 2016, when she fell on some stairs near the pool area of the Golden Nugget Lake Charles Casino. Doc. 1, att. 1, p. 4. On May 25, 2016, plaintiffs, Louisiana citizens [*id.* at 1], filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, alleging the damages and injuries plaintiffs suffered were caused by the negligent acts of, Louisiana citizen [*id.*], Golden Nugget Lake Charles, LLC ("Golden Nugget"). *Id.* at 4-5. On April 26, 2018,[1] plaintiffs amended their suit to add as a defendants BWA, the contractor Golden Nugget allegedly hired to ensure the stairs near the pool

---

[1] Court granted Motion for Leave of Court to Supplement and Amend Original Petition. Doc. 1, att. 1, p. 49.

area were designed safely, and Westchester Surplus Lines Insurance Company, Golden Nugget's insurer. *Id.* at 51-55.

On March 25, 2019, a Receipt, Release and Settlement of All Claims and Indemnity Agreement was executed whereby plaintiffs agreed to release Golden Nugget and Westchester from liability reserving only plaintiffs' claim for professional negligence against BWA. Doc. 2, att. 1. The same day, plaintiffs, Golden Nugget and Westchester executed a Joint Motion for Final Judgment of Partial Dismissal with Prejudice wherein the parties represented that plaintiffs only remaining claims were those reserved against BWA. Doc. 1, att. 3.

On April 15, 2019, BWA removed the case to this court, asserting that complete diversity existed between it and plaintiffs and that the amount in controversy exceeds $75,000. Doc. 1. On May 14, 2019, plaintiffs filed the instant Motion to Remand arguing that BWA's removal, filed more than one year after they filed their initial suit, was untimely. Doc. 7. BWA opposes remand, arguing that under Louisiana law plaintiffs' amended complaint commenced a new action against it. Doc. 11.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally

proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

The procedure for removal is governed by 28 U.S.C. § 1446. Generally, a defendant must file a notice of removal within thirty (30) days of its receipt of an "initial pleading setting forth the claim for relief. . . ." 28 U.S.C. § 1446(b)(1). When "the case stated by the initial pleading" does not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The relevant federal statute also instructs that, in cases that are initially removable, a diversity action may not be removed pursuant to § 1446(b)(3) "more than 1 year after commencement of the action, unless the district court finds that plaintiff has acted in bad faith to prevent a defendant from removing the action." 28 U.S.C. § 1446(c); S*ee Johnson v. Heublein Inc.*, 227 F.3d 236, 242 (5th Cir. 2000) (noting this one-year limitation applies only to cases that are not initially removable).

Under the so called "revival exception," (sometimes called the "substantial repleading exception,") courts have recognized a lapsed right to remove an initially removable case within thirty days is restored "when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir. 1982); *See also Johnson v. Heublein Inc.*, 227 F.3d 236, 241-42 (5th Cir. 2000); *See also Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956) ("though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed [in the same case].") However, the revival exception has only ever been applied to the 30-day limitation on removal and some courts have specifically rejected applying the exception to the

one-year limitation even when new defendants/claims are added. *See, e.g., Service Asset Management Co. v. Hibernia Corp.*, 80 F.Supp.2d 626, 630 (E.D. Tex. 2000) ("the substantial repleading exception was not created to apply to the one-year time limitation.")

Nevertheless, in *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006), the Fifth Circuit suggested that the addition of a new defendant could open a new window of removal under 1446(b). Although this finding was limited to CAFA cases [*see Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 275 (5th Cir. 2009)], it is worth noting that the *Braud* court recognized that substantial amendments to a complaint could "commence" a new suit under Louisiana Law. Similarly, in *Gore v. Robertson, et al.*, 2015 WL 5749459 *3 (M.D. La. 2015), the court reasoned that a plaintiff's amended pleading could commence a new suit under Louisiana law by creating "two [distinct] demands for [the] enforcement of legal rights . . . within the same cause of action." As noted by the *Gore* court, interpreting the one-year limitation in § 1446 as to only the originally added defendants would be prejudicial because it would "deny [the later added defendant] the opportunity to remove [the] action to federal court, even though Plaintiff would have the full panoply of legal and strategic opportunities available to him to pursue a new legal theory against a new defendant." *Id.* at *5.

BWA removed this suit on April 15, 2019 [doc. 1], less than thirty days after it was added to the suit on March 25, 2019 [doc. 1, att. 1, p. 49] but more than one year after plaintiffs filed their suit in state court [doc. 1, att. 1, p. 4]. It is undisputed that diversity now exists in this case,[2] and that it was not originally removable.[3] However, plaintiffs seek remand asserting BWA's

---

[2]For removal purposes "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Bergman Walls is a domestic professional corporation, incorporated under the laws of the state of Nevada and with its principal place of business in the state of Nevada." Doc. 1, p. 3.  Plaintiffs are residents of Louisiana.  Doc. 1, att. 1, p. 3.
[3] Golden Nugget and plaintiffs are all citizens of Louisiana. Doc. 1, att. 1, p. 1.

removal is untimely, arguing "the one-year limitation of 28 U.S.C. § 1446(c)(1) starts to run when the original state court petition is filed and does not reset or re-commence with the additional of new defendants." Doc. 7, att. 2, p. 5.  BWA argues its removal is timely, asserting that March 25, 2019 amendment "commenced" a new suit as to BWA.  Doc. 11, pp. 3-5.

In their original petition, plaintiffs seek to recover damages against Golden Nugget for "allowing their premises to become unsafe, defective and dangerous." Doc. 1, att. 1, pp. 3-5. In the amended petition, they seek to recover against BWA "due to unsafe design and construction." *Id.* at 52. As BWA points out, "[a] professional liability claim against an architect requires entirely different discovery and evidence, including expert testimony, regarding applicable standards of care and the alleged breach thereof [than claims based on premises liability]."  Doc. 9, p. 10. Moreover, although plaintiffs claim these independent bases of liability make defendants "jointly, severally, and in solido," [*id.* at 54] for injuries Martha Holleman sustained when she fell on stairs, this assertion is unsupported by law,[4] and all claims against Golden Nugget have been voluntarily dismissed. Doc. 1, att. 3.

In spite of the distinctions between the claims, plaintiff argues we should consider these claims to be the same "suit" for purposes of the federal removal statute, offering BWA, a defendant added to the suit over one year after its initial filing, no opportunity to remove what is essentially an entirely new law suit. This logic does not comport with equity principles and it makes no sense in consideration of Louisiana law, under which: (1) Golden Nugget's duty to protect plaintiffs

---

[4] In 1996 the Louisiana Civil Code was amended to limit solidary liability to intentional tortfeasors. La. Civ. Code. art 2324. *See Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 828 So.2d 530, 538 (La. 2002) (discussing Louisiana's shift in tort policy).  Accordingly, if there is no allegation that two tortfeasors conspired to commit an intentional or willful act, then a timely filed suit against one does not interrupt prescription as to the later added defendant.  *See BellSouth Telecommunications, LLC v. A. & A. Cable Contractors, Inc.*, 221 So.3d 90, 94 (La. App. 1 Cir. 2017). Louisiana law is clear that although more than one negligent actor may be liable for damages resulting from the same accident [*See* La. Civ. Code Art. 2323 (Comparative fault)] these separate breaches of duty do not give rise to solidary liability. *See* La. Civ. Code Art. 2324(B). *See also Dumas*, 828 So.2d at 537.

from injury is "divisible" [*see* La. Civil Code art. 2324B] from BWA's duty to protect plaintiffs, and (2) the prescriptive periods for each of these independent claims commenced at different times. *See BellSouth Telecommunications, LLC v. A. & A. Cable Contractors, Inc.*, 221 So.3d 90, 94 (La. App. 1 Cir. 2017) (making clear if there is no allegation that two tortfeasors conspired to commit an intentional or willful act, then a timely filed suit against one does not interrupt prescription as to the later added defendant). We find that plaintiffs' March 25, 2019 amendment "commenced" a new suit as to BWA for purposes of the federal removal statute and accordingly, we find its removal, effectuated April 15, 2019, timely.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. 7], be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of October, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE