# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **MARTHA HOLLEMAN AND MIKE HOLLEMAN** | **CIVIL ACTION NO. 2:19-00477** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GOLDEN NUGGET LAKE CHARLES, LLC, ET AL.** | **MAG. JUDGE KATHLEEN KAY** |

## R U L I N G

Pending before the Court is a Motion to Remand [Doc. No. 7] filed by Plaintiffs Martha Holleman and Mike Holleman (the "Hollemans"). On October 8, 2019, the Magistrate Judge issued a Report and Recommendation that recommended the denial of the Motion to Remand [Doc. No. 13]. On October 22, 2019, the Hollemans filed an Objection to the Report and Recommendation [Doc. No. 16]. For the following reasons, the Court DECLINES TO ADOPT the Report and Recommendation, and GRANTS the Motion to Remand [Doc. No. 7].

## I.   FACTS AND PROCEDURAL HISTORY

This suit arises out of injuries Martha Holleman allegedly sustained on July 5, 2016, when she fell on some stairs near the pool area of the Golden Nugget Lake Charles Casino. [Doc. No. 1-1, p. 4]. On May 25, 2016, the Hollemans, who are citizens of Louisiana, filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, alleging the damages and injuries they suffered were caused by the negligent acts of Golden Nugget Lake Charles, LLC ("Golden Nugget"), also a citizen of Louisiana.

On April 26, 2018, the Hollemans amended their suit to add as a Defendant Bergman, Walls & Associates, Ltd.-Architects ("BWA"), the contractor Golden Nugget allegedly hired to ensure the stairs near the pool area were designed and constructed safely, and Westchester Surplus

Lines Insurance Company ("Westchester"), Golden Nugget's insurer. BWA is a citizen of Nevada. The Hollemans alleged that Golden Nugget and BWA are solidarily liable for all damages sustained by them. [Doc. No. 1-1, p. 52].

The matter was set for trial in state court for May 20, 2019. On March 25, 2019, the Hollemans executed settlement documents resolving their claims against Golden Nugget and Westchester but reserving their right to proceed against BWA. Thus, as of March 25, 2019, complete diversity of citizenship existed for the first time between the Hollemans and the only remaining Defendant, BWA.

On April 10, 2019, the state court judge signed the order of dismissal dismissing Golden Nugget and Westchester from the case.

On April 15, 2019, BWA filed a notice of removal, removing the action to federal court almost three years after it was commenced and one month before the scheduled trial date.

On May 14, 2019, the Hollemans filed the Motion to Remand [Doc. No. 7], arguing that BWA's notice of removal is untimely, having been filed more than one year after the commencement of the state court action on May 25, 2016.

On October 8, 2019, the Magistrate Judge issued a Report and Recommendation that the motion to remand be denied [Doc. No. 13]. On October 22, 2019, the Hollemans filed their Objection [Doc. No. 16]. On November 5, 2019, BWA filed a reply [Doc. No. 17].

## II.   LAW AND ANALYSIS

### A.   Law on Removal

The procedure for removal is governed by 28 U.S.C. § 1446. Generally, a defendant must file a notice of removal within thirty (30) days of its receipt of an "initial pleading setting forth the claim for relief. . .." 28 U.S.C. § 1446(b)(1). When "the case stated by the initial pleading" does

not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The relevant federal statute also instructs that, in cases that are not initially removable, a diversity action may not be removed pursuant to § 1446(b)(3) "more than 1 year after commencement of the action, unless the district court finds that plaintiff has acted in bad faith to prevent a defendant from removing the action." 28 U.S.C. § 1446(c); *See Johnson v. Heublein Inc.,* 227 F.3d 236, 242 (5th Cir. 2000) (noting this one-year limitation applies only to cases that are not initially removable).

### B. Magistrate Judge's Report and Recommendation

The Magistrate Judge concluded that the amendment which added BWA as an additional Defendant "commenced" a new suit as to BWA for purposes of the federal removal statute, and, thus, the removal was timely. However, much of the Magistrate Judge's reasoning was based on the erroneous belief, stated throughout the Report and Recommendation, that BWA was added as a Defendant on *March 25, 2019*, when, in fact, BWA was added nearly a year earlier, on *April 26, 2018*:

> BWA removed this suit on April 15, 2019 [doc. 1], less than thirty days after it was added to the suit on March 25, 2019…
> [Report and Recommendation, Doc. No. 13, p. 4];
>
> BWA argues its removal is timely, asserting that March 25, 2019 amendment 'commenced' a new suit as to BWA.
> [Id, at p. 5];
>
> We find that plaintiffs' March 25, 2019 amendment 'commenced' a new suit as to BWA for purposes of the federal removal statute and accordingly, we find its removal, effectuated April 15, 2019, timely.
> [Id., p. 6].

The Magistrate Judge further stated that:

3

> [I]n *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006), the Fifth Circuit suggested that the addition of a new defendant could open a new window of removal under 1446(b). Although this finding was limited to CAFA cases [*see Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 275 (5th Cir. 2009)], it is worth noting that the *Braud* court recognized that substantial amendments to a complaint could "commence" a new suit under Louisiana Law. Similarly, in *Gore v. Robertson, et al.*, 2015 WL 5749459 *3 (M.D. La. 2015), the court reasoned that a plaintiff's amended pleading could commence a new suit under Louisiana law by creating "two [distinct] demands for [the] enforcement of legal rights . . . within the same cause of action."

[Report and Recommendation, Doc. No. 13, p. 4].

Believing that BWA had been added as a Defendant on March 25, 2019, and concerned with equity principles, the Magistrate Judge concluded that the amendment adding BWA as a Defendant "commenced" a new suit as to BWA, and, therefore, the notice of removal filed on April 15, 2019, was timely.

### C. The Hollemans' Contentions

The Hollemans argue in their objection to the Report and Recommendation that the jurisprudence and the legislative history make clear that the one-year limitation of 28 U.S.C. § 1446(c)(1) starts to run when the original state court petition is filed and does not reset or re-commence with the addition of new defendants.

They further contend that Congress made clear that the one-year limitation is intended to prevent defendants from removing state court actions after substantial litigation has progressed in state court. Congress specifically addressed the situation where a non-diverse defendant settles and is dismissed shortly before trial, making the case first removable under Section 1446(b), but for the one-year limitation. They contend that is exactly what happened in this case, where the state court action proceeded through substantial discovery, including extensive written discovery, depositions, inspection of the premises, preparation of expert reports, and status conferences with

4

the state court judge, trial was set for trial for May 20, 2019, and the settlement with Golden Nugget was reached shortly before the trial date, after which BWA filed its notice of removal.

They further argue that *Braud* is not to be applied beyond the "special circumstances" of CAFA retroactivity analysis and that *Gore* is distinguishable because, in that case, there was a negligence claim against one defendant and a product liability claim against a subsequently added diverse defendant. In the instant case, they contend they have asserted a negligence claim against both Golden Nugget and BWA.

### D. BWA's Contentions

BWA responds that the Report and Recommendation was decided correctly under *Braud* and *Gore* because the case against it was an entirely new litigation still in its infancy, with different factual issues, different expert issues, written discovery was just beginning, and no depositions had been taken. It further argues that the original petition here was a simple negligence action based on premises liability, whereas the amended petition asserted very different claims for professional liability based on alleged deficient architectural plans. BWA asserts that its notice of removal was filed within one year of the commencement of this action against it on April 19, 2018, and was, therefore, timely.

### E. Analysis

In a motion to remand, "the party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharm., Inc.*, 719 F. 3d 392, 397 (5th Cir. 2013). "Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*. 511 U.S. 375, 377 (1994). The removal statute must

be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.,* 491 F. 3d 278, 281 (5th Cir. 2007).

This Court finds that BWA has failed to meet its burden.

BWA is attempting to remove a civil action more than one year after its commencement, since the petition for damages was filed on May 25, 2016. BWA argues, however, that a new suit is "commenced" by the addition of a new defendant – so when the Hollemans amended their petition to add BWA as a Defendant, a new period of removability opened for it. BWA relies on *Braud v. Transp. Serv. Co. of Illinois*, where the Fifth Circuit held that amending a complaint to add a new defendant "commences" a new suit for the purposes of the Class Action Fairness Act (CAFA). 445 F.3d 801, 804 (5th Cir. 2006). Thus, "as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court." *Id.* at 805.

This result, however, is justified by the specific language of CAFA. As the *Braud* court noted, CAFA expressly states that a class action may be removed "in accordance with section 1446 (*except that the 1-year limitation under section 1446(c)(1) shall not apply*)." 28 U.S.C.A. § 1453 (emphasis added). The CAFA exception to the one-year limitation is not applicable to this non-CAFA case.

Because this lawsuit commenced when it was filed in state court in 2016, the instant removal is untimely. The fact that BWA was added two years later "does not alter the Court's analysis of 'commencement of the action.'" *Loyola Univ. New Orleans v. MAPP Const. Inc.,* No. 10-934, 2010 WL 11538698, at *3 (E.D. La. May 6, 2010).

Indeed, "[i]n cases not initially removable, the one-year limitation applies even if new defendants are added or new claims are asserted." *Id.*; *see also Howell v. St. Paul Fire & Marine*

6

*Ins. Co.*, 955 F. Supp. 600, 662 (M.D. La. 1997) ("Congress specifically put an overall time limit when a party seeks to remove an action pursuant to 28 U.S.C. § 1332" that "applies even if new defendants are added or new claims are asserted."); *Royer v. Harris Well Serv., Inc.*, 741 F. Supp. 1247, 1248 (M.D. La. 1990) ("[I]t is immaterial that [the removing party] was not added as a defendant until some four years after the suit was filed.").

The Hollemans have cited a litany of cases for their position that the addition of a new defendant to a lawsuit does not re-commence the action for purposes of the one-year limitation: *Howell v. St. Paul Fire & Marine Ins. Co.*, 955 F. Supp. 660 (M.D. La. 1997). See, *Klotz v. La. Citizens Prop. Ins. Corp.*, No. CV 17-3776, 2017 WL 5899248, at *1 (E.D. La. Nov. 30, 2017); *Day v. W. World Ins. Co.*, No. CIV.A. 14-00348-BAJ, 2014 WL 4373301, at *3 (M.D. La. Sept. 3, 2014). See, also, *Royer v. Harris Well Service, Inc.*, 741 F. Supp. 1247, 1248 (M.D. La. 1990); *Rodriguez v. ACandS, Inc.*, No. 01-cv-0586, 2001 WL 333101, at *2 (E.D. La. Apr. 4, 2001); *Serv. Asset Mgmt. Co. v. Hibernia Corp.*, 80 F. Supp. 2d 626, 628–29 (E.D. Tex. 2000) (the "commencement of the action" refers to when the case is originally filed in state court and not at any other time); *Auto Transportes Gacela S.A. De C.V. v. Border Freight Distributing and Warehouse, Inc.*, 792 F. Supp. 1471, 1472 (S.D.Tex. 1992); *Luevano v. Dow Corning Corp.*, 895 F. Supp. 135, 136 (W.D.Tex. 1994); *Lytle v. Lytle*, 982 F. Supp. 671, 673–74 (E.D.Mo.1997) *Santiago v. Barre National, Inc.*, 795 F. Supp. 508, 512–13 (D.Mass. 1992); *Serv. Asset Mgmt. Co.* v. Hibernia Corp., 80 F. Supp. 2d 626, 629 (E.D. Tex. 2000); *First Merchants Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 974 (S.D. Ind. 2008); *Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333, 1335 (M.D. Ala. 2001).

The legislative history supports the jurisprudence that the one-year limitation of Section 1446(c)(1) does not reset or recommence with the addition of new defendants:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

H.R. REP. 100-889, 72, 1988 U.S.C.C.A.N. 5982, 6032-33.

Thus, the addition of the one-year limitation was intended by Congress to prevent the exact situation that occurred in this case: removal on the eve of trial after the plaintiff settles with a non-diverse defendant.

As noted above, the *Braud* decision, relied on by the Magistrate Judge, is based on the CAFA, which expressly states that the one-year limitation of Section 1446(c)(1) does not apply to CAFA removal. 28 U.S.C § 1453(b). Nothing in the *Braud* decision indicates that the holding applies beyond the particular facts of that case and certainly not to the provisions of a different procedural statute that has been so consistently interpreted to prohibit removal beyond the one-year limitation.

Likewise, the *Gore* decision is not applicable because it involved a negligence claim against one defendant and a product liability claim against a subsequently added diverse defendant. Here there is only one accident which the Hollemans have alleged was caused by the joint negligence of Golden Nugget and BWA for the defective condition. Unlike the factual situation in *Gore*, the claims asserted against BWA are not of an entirely different nature than the claims filed against Golden Nugget.

The jurisprudence and the legislative history indicate that the one-year limitation of 28 U.S.C. § 1446(c)(1) starts to run when the original state court petition is filed and does not reset or re-commence with the additional of new defendants. Congress made clear that the one-year limitation is intended to prevent defendants from removing state court actions after substantial litigation has progressed in state court. Congress specifically addressed the situation where a non-diverse defendant settles and is dismissed shortly before trial, making the case first removable under Section 1446(b), but for the one-year limitation. The jurisprudence from multiple district courts across the country has held that the one-year limitation does not restart with the addition of a new defendant.

As for BWA's contentions that the case against it was an entirely new litigation still in its infancy, with different factual issues, different expert issues, written discovery was just beginning, and no depositions had been taken, BWA was added as a party on April 26, 2018, nearly a year before it filed its notice of removal on April 25, 2019. The state court trial date of May 20, 2019, was only weeks away. It seems highly unlikely that an experienced trial attorney would have conducted no discovery and been so unprepared for a trial looming so near in the future.

## III. CONCLUSION

This Court finds that BWA failed to meet its burden of showing that removal was procedurally proper. The removal was untimely, having been filed more than one year after the state court lawsuit was filed. Contrary to the Magistrate Judge's understanding, BWA was added as a Defendant on *April 26, 2018*, which was almost a full year before BWA removed the case on April 15, 2019, and not *March 25, 2019,* which was less than a month before removal. Therefore, any equitable concerns that the Magistrate Judge had were not based on the actual facts.

Accordingly, the Court DECLINES TO ADOPT the Report and Recommendation [Doc. NO. 13]. The Holleman's Motion to Remand [Doc. No. 7] is GRANTED. This case is REMANDED to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

Monroe, Louisiana, this the 6th day of November, 2019.

                                                                                     **TERRY A. DOUGHTY**
                                                      **UNITED STATES DISTRICT JUDGE**